2/7/2023 4:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72532300
By: Derrick Abram
Filed: 2/7/2023 4:15 PM

2023-08074 / Court: 190

CAUSE NO. ___________




| | | |
|---|---|---|
| JOSHUA SANTOS<br><br>Plaintiff,<br><br>v.<br><br>FUGRO, INC., FUGRO (USA), INC., FUGRO USA MARINE, INC., LAREDO CONSTRUCTION, INC., and LAREDO OFFSHORE SERVICES, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br>HARRIS COUNTY, TEXAS<br><br><br>______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, SECTION 23.101 REQUEST FOR PREFERENTIAL & EXPEDITED TRIAL SETTING AND JURY DEMAND**

Plaintiff Joshua Santos files this Original Petition, Request for Expedited Jones Act Trial Setting and Jury Demand complaining of Defendants Fugro, Inc., Fugro (USA), Inc., Fugro USA Marine, Inc., Laredo Construction, Inc., and Laredo Offshore Services, Inc., ("Defendants") and would respectfully show the Court as follows:

## I. NATURE OF ACTION

1. This is a Jones Act maritime personal injury case.

## II. JURISDICTION & VENUE

2. Venue and jurisdiction are proper in this County under Texas Civil Practice & Remedies Code §§ 15.0181, 15.002, the Jones Act, and/or General Maritime law. All or a substantial part of the events giving rise to the claim occurred here; a defendant's principal office in this state is located here; and/or Plaintiff resided here at the time a cause of action accrued. Plaintiff seeks damages within the jurisdictional limits of this Court of over $1,000,000. This

Jones Act case is not removable. 28 U.S.C. § 1333(1); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

## III. DISCOVERY LEVEL

3. Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV. PARTIES

4. Plaintiff is an American seaman and is a resident of Harris County, Texas.

5. Defendant Fugro, Inc. has its principal place of business in Harris County, Texas, and may be served with process by serving its registered agent Bramlette McClelland at 6100 Hillcroft Street, Houston, Texas 77081; or wherever else Defendant Fugro, Inc. may be found.

6. Defendant Fugro (USA), Inc. has its principal place of business in Harris County, Texas and may be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201; or wherever else Defendant Fugro (USA), Inc. may be found.

7. Defendant Fugro USA Marine, Inc. has its principal place of business in Harris County, Texas and may be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201; or wherever else Defendant Fugro USA Marine, Inc. may be found.

8. Defendant Laredo Construction, Inc. has its principal place of business in Fort Bend County, Texas and may be served with process by serving its registered agent Robert Springob at 13385 Murphy Road, Stafford, Texas 77477; or wherever else Defendant Laredo Construction, Inc. may be found.

9. Defendant Laredo Offshore Services, Inc. has its principal place of business in Fort Bend County, Texas and may be served with process by serving its registered agent Tarn Springob

at 13385 Murphy Road, Stafford, Texas 77477; or wherever else Defendant Laredo Offshore Services, Inc. may be found.

## V. NATURE OF THE ACTION[1]

10. This case is brought pursuant to 46 U.S.C. 688, which is commonly known as the "Jones Act", as well as pursuant to general maritime law and the common law.

## VI. FACTS

11. On or about October 4, 2022, Plaintiff Joshua Santos was injured while working aboard a vessel owned, operated, maintained, and/or managed by Defendants. Specifically, while Plaintiff was being transported from Defendants' vessel to Defendants' derrick barge via a crane and crew basket held and operated by Defendants, he was violently thrown against the derrick barge multiple times causing Plaintiff to sustain serious, severe and permanent injuries.

12. Defendants owned, operated, maintained, managed and/or were responsible for the repair, maintenance, and/or retrofitting of the crew basket, crane, vessel, derrick barge, and/or other appurtenances involved in the work and incident.

13. Plaintiff suffered serious and debilitating injuries to, *inter alia*, his head, neck, back and other body parts due to Defendants' negligence, gross negligence and the vessel's and/or derrick barge's unseaworthiness.

## VII. CAUSES OF ACTION

14. Defendants are jointly and severally liable for negligence, negligence per se, and gross negligence in causing Plaintiff's injuries for at least the following reasons:

a. Failure to safely, adequately and/or properly operate the vessel, derrick barge and/or other equipment situated on and/or attached thereto, including but not limited to the crew basket, crane, and/or other various equipment at issue;

---

[1] Plaintiff pleads in the alternative.

b. Failure to maintain the vessel, derrick barge and/or other equipment situated on and/or attached thereto, including but not limited to the crew basket, crane and/or other various equipment at issue;
c. Failure to maintain, inspect, and/or repair the vessel and/or derrick barge;
d. Failure to maintain, inspect, and/or repair the vessel's and/or derrick barge's equipment;
e. Operating the crane in an improper and unsafe manner;
f. Rushing workers;
g. Using unsafe equipment;
h. Ordering unsafe work acts;
i. Violation(s) of Subchapter M;
j. Failure to have adequate safety policies in place;
k. Failure to follow their own safety policies;
l. Failure to provide equipment for workers to safely perform their duties;
m. Failure to properly direct crew members;
n. Failure to assess the risks of their equipment-handling;
o. Failure to perform a Job Hazard Analysis (JHA);
p. Failure to maintain, inspect, and/or repair the vessel and/or barge's equipment;
q. Operating the vessel and/or barge in an improper and unsafe manner;
r. Failure to provide adequate medical treatment;
s. Failure to provide adequate safety training;
t. Failure to provide adequate safety equipment;
u. Failure to provide adequate and/or proper equipment for the work taking place;
v. Instructing employees to perform work in an unsafe manner;
w. Instructing and/or training employees to ignore warnings;
x. Failure to properly train its employees;
y. Failure to properly supervise its crew;
z. Failure to provide an adequate crew;
aa. Failure to properly supervise the job;
bb. Vicarious liability for the negligence, gross negligence and negligence per se of Defendants' employees and/or agents;
cc. Other acts deemed negligent.

15. At all relevant times, the vessels and/or barges were unseaworthy.

16. Further, at all relevant times, Defendants actively operated and/or controlled the vessel, barge, equipment and work activities at issue. Defendants failed to warn of hazards and defects including faulty equipment. Defendants were actively involved in the operation that injured Plaintiff and were actively negligent. Defendants engaged in negligent undertakings. Defendants

had actual knowledge of dangers and failed to intervene. These failures and others stated herein caused and/or contributed to Plaintiff's injuries.

17. As a result of Defendants' negligence, Plaintiff sustained severe injuries, which resulted in physical pain, physical disfigurement, mental anguish, physical impairment, discomfort, and illness. In all reasonable probability, Plaintiff's physical pain, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future earning capacity. Plaintiff is entitled to past and future maintenance and cure. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this court, for which he now sues.

18. Plaintiff is also entitled to punitive damages under the general maritime law and/or other applicable law because Defendants' actions were grossly negligent. Defendants arbitrarily and capriciously failed to timely and/or appropriately pay Plaintiff's maintenance and cure to which Plaintiff in entitled. Defendants acted with flagrant and malicious disregard of Plaintiff's safety and health. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded the risk.

## VIII. DAMAGES

19. Plaintiff seeks damages within the jurisdictional limits of this Court in excess of $1,000,000, including:

a. Compensatory damages;

b. Actual damages;
c. Consequential damages;
d. Lost future income;
e. Lost past income;
f. Past medical care;
g. Future medical care;
h. Past pain and suffering;
i. Future pain and suffering;
j. Past mental anguish;
k. Future mental anguish;
l. Past maintenance and cure;
m. Future maintenance and cure;
n. Past impairment;
o. Future impairment;
p. Past disfigurement;
q. Future disfigurement;
r. Interest on damages (pre- and post-judgment);
s. Court costs;
t. Expert witness fees;
u. Deposition costs;
v. Attorneys' fees;
w. Exemplary damages;
x. Other relief as the Court may deem just and proper.

## IX. CONDITIONS PRECEDENT

20. All conditions precedent have been performed or have occurred.

## X. JOINT RESPONSIBILITY

21. Pleading in the alternative, Defendants and/or any responsible third parties are jointly liable for Plaintiff's harm under the theories of joint and several liability; acting in concert; *respondeat superior*; agency; non-delegable duty; alter ego; actual and apparent authority; participatory liability; aiding and abetting; joint enterprise; and ratification.

## XI. MISNOMER AND ASSUMED NAME

22. In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos." Plaintiff relies on Texas Civil Statutes Article 6133 and/or Texas Rule of Civil Procedure 28 to properly identify the corporate Defendants herein.

## XII. REQUEST FOR DISCLOSURE

23. Plaintiff requests that Defendants timely disclose the information and materials required by Texas Rule of Civil Procedure 194.2(a)-(l).

## XIII. JURY DEMAND

24. Plaintiff requests a jury trial. Tex. R. Civ. P. 216(a).

## XIV. REQUEST FOR PREFERENTIAL TRIAL SETTING

25. Plaintiff is entitled to and respectfully requests preferential trial setting under Texas Government Code § 23.101(a)(5).

## XV. RULE 193.7 NOTICE

26. Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## XVI. DEFENDANTS' CLAIMED AFFIRMATIVE DEFENSES

27. Any affirmative defenses asserted by Defendants are factually and legally inapplicable and incorrect.

## XVII. RES IPSA LOQUITOR

28. The doctrine of res ipsa loquitor applies in this case because the event is of kind of which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is the scope of Defendants' duties.

## XVIII. INCORPORATION

29. Every foregoing and subsequent statement and sentence is incorporated into every other. In other words, any heading or divisions should not be taken to mean facts and allegations from other sections or subsections are not included in a particular section or subsection.

## XIX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue and be served upon Defendants requiring that Defendants answer and appear, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court for the damages alleged herein on the causes of action alleged herein, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

*/s/ John D. Sheppard*
John D. Sheppard
Attorney-In-Charge
State Bar No. 24051331
Nicholas A. Morrow
State Bar No. 24051088
P. Hogan Leatherwood
State Bar No. 24100138
Daniel E. Sheppard
State Bar No. 24103929
5151 San Felipe, Suite 100
Houston, Texas 77056
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
nmorrow@morrowsheppard.com
jsheppard@morrowsheppard.com
hleatherwood@morrowsheppard.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on February 7, 2023 via the electronic filing system.

*/s/ John D. Sheppard*
John D. Sheppard