United States District Court
Southern District of Texas

**ENTERED**

May 26, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. H-23-0822 |
| FURGO, INC., FURGO(USA), INC., | § | |
| FURGO USA MARINE, INC., | § | |
| LAREDO CONSTRUCTION INC., | § | |
| *and* LAREDO OFFSHORE | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 10).
Having considered the motion, submissions, and applicable law, the Court
determines the motion should be granted.

## I. BACKGROUND

This case arises out of a personal injury that occurred during a basket transfer
from one vessel to another.[1] On October 4, 2022, Plaintiff Joshua Santos ("Santos")
was employed by Defendant Furgo USA Marine Inc., also affiliated with both

---

[1] A basket transfer is when a person transfers from one vessel to another generally
with the use of crane and basket. Santos was being transferred from a derrick barge to a
water taxi.

Defendant Furgo Inc. and Defendant Furgo USA Inc. (collectively, "Furgo"). Santos was employed as an assistant surveyor by Furgo, a geodata company offering offshore surveying services. At the time of the incident, Furgo was contracted by Defendant Laredo Construction and Defendant Laredo Offshore Services (collectively, "Laredo") to assist in removing a fixed platform located in Main Pass 108, Gulf of Mexico, on the Outer Continental Shelf (the "OCS"), which was damaged in a hurricane. Santos was assigned to the derrick barge *D/B Mr. Two Hooks* (the "*Mr. Two Hooks*"). It was determined that Santos's services were not needed, and he was in the process of being transferred from the *Mr. Two Hooks* to a water taxi to return to the shore. During the basket transfer between the two vessels, Santos sustained injuries to his head, back, and neck.

Based on the foregoing, on February 7, 2023, Santos commenced this action in the Harris County District Court for the 190th Judicial District, asserting: (1) a negligence cause of action under the Jones Act against Furgo and Laredo (collectively, "Defendants"); and (2) negligence arising out of general maritime law against Defendants. On March 6, 2023, Furgo removed this action with the consent of Laredo on the basis of federal question jurisdiction. On April 5, 2023, Santos moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.  LAW & ANALYSIS

Santos contends: (1) he is a seaman protected by the Jones Act; (2) he is asserting general maritime law claims which are not removable; and (3) the Outer Continental Shelf Lands Act ("OCSLA") is not applicable, and thus removal was improper. Furgo contends: (1) Santos cannot bring a Jones Act claim because his offshore work is merely transitory and thus his Jones Act claim was fraudulently plead; and (2) there is federal question jurisdiction under OCSLA regardless of whether Santos acknowledges it in his complaint. As a threshold matter, the Court first addresses whether OCSLA applies.

OCSLA asserts exclusive federal question jurisdiction over the OCS by specifically extending "[t]he Constitution and laws and civil and political jurisdiction of the United States . . . [to the OCS] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or production resources therefrom." 43 U.S.C. § 1332(a)(1). Further, a plaintiff need not expressly invoke OCSLA for it to apply. *Amoco Prod. Co. v. Sea Robin Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988). In order to determine whether a cause of action under OCSLA, the Fifth Circuit applies "a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013) (citing *Demette v. Falcon Drilling Co.*, 280 F.3d 492, 495 (5th Cir. 2002), *overruled on other grounds by*, *Grand Isle Shipyard v. Seacor Marine*, LLC, 589 F.3d 778 (5th Cir. 2009) (en banc)).

Here, on October 4, 2022, the *Mr. Two Hooks* was a derrick barge operating approximately twelve miles off the coast of Louisiana in the Gulf of Mexico.[2] The *Mr. Two Hooks* was deploying its anchor system in the operation of removing a

---

[2] *Opposition to Motion to Remand*, Document No.11, Exhibit 1 at 1–2 (*Declaration of Tarn Springob*) [hereinafter *Declaration of Tarn Springob*].

4

partially damaged platform.[3] Nowhere in the record does either party explain what the platform's function was (before being damaged) and what role, if any it had in mineral development.[4] While OCSLA is interpreted broadly by courts, it is established that mineral production or development is required for OCSLA to apply. "Development" is defined in OCSLA, as those activities which take place following the discovery of minerals in paying quantities, including platform construction. 43 U.S.C.S. § 1331(l); *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1225 (5th Cir. 1985). Furgo contends the construction operation to remove the platform qualifies as "development," similar to cases where a platform to produce minerals is being built. However, based on the evidence presented, the operation here involved removing a platform that, while technically attached to the OCS, was not producing, or expected to further mineral production.

Additionally, while Santos was present on the *Mr. Two Hooks*, the record suggests his services were never required or utilized, which is why he was being transferred back to land.[5] Further, he was injured during a transfer between two vessels, neither of which were attached to the OCS, nor were they furthering mineral production. Accordingly, based on the foregoing, the Court finds that the operation

---

[3] *Declaration of Tarn Springob*, *supra* note 2 at 1–2.

[4] *Plaintiff's Reply in Support of Remand*, Document No.12 at 3.

[5] *Plaintiff's Reply in Support of Remand*, Document No.12 at 8.

5

at issue does not meet the circumstance required for the OCSLA to apply. Therefore, the Court finds OCSLA does not apply here. As there is no federal question jurisdiction, so the court turns to Santos's remaining claims to determine if there is subject matter jurisdiction.

Santos's claims arise under general maritime law and the Jones Act. General maritime-law claims do not arise under the laws of the United States, the longstanding rule in the Fifth Circuit has been that admiralty and general maritime claims filed in state court are removable only in the presence of diversity of citizenship or a federal question other than the maritime nature of the claims. *Ibarra v. Port of Houston Auth.*, 526 F. Supp. 3d 202, 204 (S.D. Tex. 2021) (Lake, J.).[6] There is no diversity of citizenship[7] or other means for this Court to assert jurisdiction. Thus, this action was not removable on the basis of federal question jurisdiction, as found above, nor is there any other basis for federal subject matter

---

[6] The Court notes the Defendants contend that Santos has fraudulently plead the Jones Act claim. Typically, Jones Act claims are not removal. *Sanchez v. Smart Fabricators of Tex., LLC*, 997 F.3d 564, 569 (5th Cir. 2021). However, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulent pleaded to prevent removal." *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). However, because there is no other basis of federal jurisdiction the Court need not decide if Santos is a seaman under the Jones Act.

[7] Santos and at least one or more of the Defendants are residence of Texas, accordingly diversity jurisdiction is not applicable here. *See Notice of Removal*, Document No. 1, Exhibit 1 at 2–3 (*Plaintiff's Original Petition, Section 23.101 Request for Preferential & Expediated Trial Setting and Jury Demand*).

jurisdiction. Accordingly, Santos's motion to remand the action to Harris County District Court for the 190th Judicial District is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** Plaintiff's Motion to Remand (Document No. 10) is **GRANTED**. This case is therefore **REMANDED** to Harris County District Court for the 190th Judicial District.

SIGNED at Houston, Texas, on this _25_ day of May, 2023.

DAVID HITTNER
United States District Judge

7